**RAPP v. HADDEN et al.**

District Court, S. D. New York.

April 16, 1940.

---

[1] No opinion for publication.

Robert Hyman, of New York City, for plaintiff.

Clive C. Handy, of New York City (Gerald E. Dwyer, of New York City, of counsel), for defendant New York Cent. R. Co.

HULBERT, District Judge.

Plaintiff moves to strike out the "second, separate and complete defense" set forth in the answer of the defendant New York Central Railroad Company.

Alfred Rapp was, at the time of the accident which occurred on October 18, 1939, employed as a railroad policeman by the New York Central Railroad Company.

It is alleged in the complaint that while engaged in the performance of his duties, he was negligently struck and killed by a locomotive of the Erie Railroad which was running backward, without warning or look-out, on tracks in the freight yard at Weehauken, New Jersey, used by both railroads.

The cause of action alleged against the Erie Railroad is based on ordinary negligence under the common law; that against the New York Central Railroad Company is brought under the Federal Employers' Liability Act, 45 U.S.C.A. §§ 51–59.

The defense sought to be stricken is based on the doctrine of assumption of risk, which plaintiff contends is no longer available as a matter of law.

The motion presents for interpretation the provisions of Section 4 of the Act, as amended by Act Aug. 11, 1939, § 1 (45 U.S.C.A. § 54) which reads as follows:

"Sec. 54. *Assumption of risks of employment*

"In any action brought against any common carrier under or by virtue of any of the provisions of this chapter to recover damages for injuries to, or the death of, any of its employees, such employee shall not be held to have assumed the risks of his employment *in any case where such injury or death resulted in whole or in part from the negligence of any of the officers, agents, or employees of such carrier; and no employee shall be held to have assumed the risks of his employment* in any case where the violation by such common carrier of any statute enacted for the safety of employees contributed to the injury or death of such employee." (Italicized portion is the language added by the amendment.)

Upon its face the statute very definitely eliminates the assumption of risk in the event that:

1. Death resulted, in whole or in part from the negligence of any of the officers, agents, or employees of the defendant New York Central Railroad Company, or

2. If the violation by that defendant of any statute enacted for the safety of the deceased contributed to his injury or death.

The amendment was proposed by the introduction of Senate Bill 1708 (76th Congress, 1st Session), extended hearings were had before a sub-committee of the Committee on Judiciary of the Senate on March 28 and 29, 1939, and a Report was filed by the Committee. (S.Doc. No. 661-76-1)

When the Bill came up for consideration, Senator Burke, who had served upon the sub-committee, said, with respect to Section 4: "The second main provision in the bill is that which does away with the assumption doctrine in certain cases where death or injury is caused by the negligence of the carrier and makes the comparative negligence doctrine applicable."

Later, in the discussion of the Bill, he said: "It repeals the assumption of risk doctrine in certain provisions and substitutes for it the doctrine of comparative negligence."

I do not think the statute entirely eliminates the doctrine of the assumption of risk or that such was the intention of Congress. It is, more properly, a matter to be determined by the trial judge when the facts have been developed. Keys v. Pennsylvania R. Co., 2 Cir., 104 F.2d 663, 664.

Motion denied without prejudice.